UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **STATE FARM FIRE & CASUALTY CO.,** | ) ) ) | **CASE NO. 5:11CV316** |
| PLAINTIFF, | ) ) | |
| vs. | ) ) | **JUDGE SARA LIOI** |
| **ROWLAND PLUMBING, LTD., et al.,** | ) ) ) | **MEMORANDUM OF OPINION & ORDER** |
| DEFENDANTS. | ) ) ) | |

This matter is before the Court on the unopposed motion of Plaintiff State Farm Fire and Casualty Company ("Plaintiff" or "State Farm"), for partial summary judgment pursuant to Fed. R. Civ. P. 56 in its favor and against Defendants Rowland Plumbing, Ltd. ("Rowland Plumbing") and Chad Rowland ("Rowland') (collectively as "Defendants"). (Doc. No. 13.) - - For the reasons that follow, Plaintiff's motion is **GRANTED.**

I.  FACTUAL AND PROCEDURAL BACKGROUND

At the outset, the Court notes where a motion for summary judgment is unopposed, "a court's reliance on the facts advanced by the movant is proper and sufficient." *Cacevic v. City of Hazel Park,* 226 F.3d 483, 491 (6th Cir. 2000); *see also Guarino v. Brookfield Twp. Trs.,* 980 F.2d 399, 404 (6th Cir. 1992) (citing "[d]ozens of other panels" holding the same). Moreover, the Court notes that in this case, the parties have stipulated to several key facts with respect to defendants' liability.

Plaintiff commenced this action against defendants seeking damages incurred due to having executed two surety bonds in 2008. (Docs. 1-2 and 1-3.) As a condition precedent to

the execution of the surety bonds, Plaintiff required Defendants to execute a General Indemnity Agreement, which required Defendants to indemnify the surety, State Farm, from and against any loss, cost or expense, including attorney fees, incurred under the bonds. (Doc. 1-1.) Defendants have admitted to executing the indemnity agreement in exchange for State Farm's execution of the bonds. (Joint Stipulation, Doc. 12 ¶ 12.)

Subsequent to executing the bonds, State Farm received claims on each bond for labor and/or material costs incurred by Rowland Plumbing that remained unpaid. State Farm issued payment[1] to the two suppliers pursuant to its surety obligation under the bonds. Defendants have admitted the debts due and owing to Rowland Plumbing's suppliers (Doc. 12 ¶¶ 2-5), and that State Farm is entitled to certain contractual amounts due Rowland Plumbing in satisfaction of Defendants' indemnity obligations. (Doc. 12 ¶ 5.)

In light of the Defendants' admissions in the parties' joint stipulation, Plaintiff moved for partial summary judgment on the issue of Defendants' liability arising under the parties' indemnity agreement.

## II.     SUMMARY JUDGMENT STANDARD

The standard governing summary judgment is set forth in Fed. R. Civ. P. 56(a), which provides, "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may grant summary judgment if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S.

---

[1] As evidence of payment, Plaintiff attached to the complaint, the surety releases and assignments executed by the suppliers at issue. (Docs. 1-4 and 1-5.)

317, 322 (1986). *See also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 588 (1986); *Petty v. Metro. Gov't of Nashville-Davidson Cnty.,* 538 F.3d 431, 438-39 (6th Cir. 2008).

When reviewing a summary judgment motion, the Court must draw all reasonable inferences in favor of the nonmoving party, who must set forth specific facts showing that there is a genuine issue of material fact for trial, and the Court must refrain from making credibility determinations or weighing the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150-51 (2000); *Henderson v. Walled Lake Consol. Schs.,* 469 F.3d 479, 487 (6th Cir. 2006). The Court disregards all evidence favorable to the moving party that the jury would not be not required to believe. *Reeves,* 530 U.S. at 150-51. Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *Barrett v. Whirlpool Corp.,* 556 F.3d 502, 511 (6th Cir. 2009).

Thus, the central issue is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Hamad v. Woodcrest Condo. Ass'n,* 328 F.3d 224, 234-35 (6th Cir. 2003) (quoting *Anderson,* 477 U.S. at 251-52).

Notably, a district court may properly rely upon the facts provided by a moving party when a motion for summary judgment goes unopposed. *Guarino,* 980 F.2d at 404-05.

### III. ANALYSIS

A federal court generally applies the substantive law of the forum state to actions brought pursuant to its diversity jurisdiction. *Erie v. Tompkins*, 304 U.S. 64 (1938); *Savedoff v. Access Group,* 524 F.3d 762 (6th Cir. 2008). To establish a breach of contract claim in Ohio, a plaintiff must prove the existence of a contract, performance by the plaintiff, breach by the

3

defendant and damage or loss to the plaintiff. *Id.* A party breaches a contract if he fails to perform according to the terms of the contract or acts in a manner that is contrary to its provisions. *Id.*; *Jarupan v. Hanna,* 173 Ohio App. 3d 284 (Ohio Ct. App. 2007).

The nature of an indemnity relationship is determined by the intent of the parties as expressed by the language used. *Cleveland Window Glass & Door Co. v. Nat'l Surety Co.*, 118 Ohio St. 414 (1928). All words used must be taken in their ordinary and popular sense, *Glaspell v. Ohio Edison Co.,* 29 Ohio St.3d 44 (1987), and "[w]hen a [writing] is worded in clear and precise terms; when its meaning is evident, and tends to no absurd conclusion, there can be no reason for refusing to admit the meaning which such [writing] naturally presents." *Lawler v. Burt,* 7 Ohio St. 340, 350 (1857).

There is no dispute that there exists a valid contract between State Farm and Defendants. The sole issue before this Court is whether Defendants, the indemnitors, are contractually obligated to reimburse State Farm for the losses, costs and expenses, inclusive of attorney fees, it has incurred due to having issued bonds on behalf of Defendants.

Upon consideration of the undisputed facts provided by Plaintiff, as well as those contained in the parties' joint stipulation (Doc. 12), the Court concludes that the Plaintiff's motion for summary judgment is well taken; there are no material facts in issue with respect to Defendants' obligation to indemnify and hold State Farm harmless in accordance with the parties' indemnity agreement, and therefore, plaintiff is entitled to judgment as a matter of law. Defendants do not dispute that Plaintiff executed the two bonds at issue; that the parties executed the Indemnity Agreement, which obligated them to indemnify State Farm against all losses, costs or expenses incurred on the bonds; that they owed certain suppliers for labor/materials; that State Farm incurred losses when it paid the amounts owed to the suppliers on behalf of Defendants,

pursuant to State Farm's bond obligations; and that State Farm is contractually entitled to reimbursement for the losses and expenses incurred as a result. Accordingly, State Farm is entitled to judgment as a matter of law on the issue of liability.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for partial summary judgment. (Doc. 13.) Accordingly, the only issue remaining for trial is the amount of damages owed to State Farm.

**IT IS SO ORDERED**.

Dated: January 18, 2012

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**