**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STATE FARM FIRE & CASUALTY CO., | ) | CASE NO. 5:11CV316 |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | ORDER |
| ROWLAND PLUMBING, LTD., et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the unopposed motion of plaintiff State Farm Fire & Casualty Co. ("State Farm" or "plaintiff") to enforce the agreed judgment entry (Doc. No. 25), seeking an award of the remaining amount due on the judgment, with interest at the statutory rate, along with attorney's fees and expenses. (Doc. No. 26.) Upon review of the motion and the attached materials, the Court determined that additional information was required before it could rule, and permitted plaintiff to supplement its motion with detailed billing statements and supporting attorney affidavit(s) in support of its request for attorney's fees and expenses, as well as legal support for its request for an award of 3% interest. (Doc. No. 27.) Plaintiff timely filed supplemental briefing, including billing statements and an affidavit from Lee Brewer ("Mr. Brewer"), counsel for plaintiff. (Doc. No. 28.) In that supplemental briefing, plaintiff abandoned its pursuit of an award of 3% interest, agreeing with the Court's determination that the proper applicable statutory interest rate is 0.18%. (Doc. No. 27 at 178–79; Doc. No. 28 at 180–81.)

**I. BACKGROUND**

On April 9, 2012, the Court issued an Agreed Judgment Entry in favor of plaintiff and against defendants Chad T. Rowland and Rowland Plumbing, Ltd. (collectively "defendants") in the amount of $61,325.00, to be paid at a rate of $500.00 per month

commencing March 15, 2012 and continuing until paid in full, without interest. (Doc. No. 25.)

The Agreed Entry provides that in the event of default,

> interest shall begin to accrue from the date of default at the statutory rate on the remaining balance of the judgment and Plaintiff shall be entitled to file a motion seeking an award of its attorney fees and costs incurred in connection with this matter, plus its attorney fees and costs to enforce [the] Agreed Judgment Entry.

(Doc. No. 25 at 159-60.)

On December 7, 2012, State Farm filed the present motion to enforce the agreed entry. (Doc. No. 26.) The motion and the attached supporting affidavit of State Farm Claims Representative Karen O'Neill ("O'Neill") indicate that defendants submitted the first $500.00 monthly payment on April 13, 2012, but thereafter failed to make any additional payments, and that after notice and a demand to cure, defendants failed and/or refused to cure the default. (Doc. No. 26 at 163; Doc. No. 26-2 at 169.) In conjunction with its supplemental briefing, plaintiff requests an entry awarding it damages, including: (1) the remaining balance due on the judgment of $60,825.09; (2) attorney's fees and expenses totaling $22,956.23, which Mr. Brewer avers State Farm expended in enforcing its rights under the parties' General Indemnity Agreement and the Agreed Entry; and (3) 0.18% interest on the unpaid portion of the judgment from May 15, 2012 until the judgment is satisfied. (Doc. No. 28 at 182; Doc. No. 28-2 at 243.)

## II. ANALYSIS

At the outset, the Court notes that plaintiff has established its entitlement to the $60,825.09 yet to be paid under the agreed judgment entry. The only remaining issue is plaintiff's entitlement to attorney's fees and expenses.

Rule 54(d) of the Federal Rules of Civil Procedure requires a party seeking attorney's fees and "related nontaxable expenses" to file a motion with the Court. Fed. R. Civ. P.

2

54(d)(2)(A). The motion "must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award." *Id.* It must also state the amount or provide a fair amount of the award sought. *Id.* Even where, as here, defendants have not opposed plaintiff's motion for fees and expenses, the Court has an independent duty to review the fee request to determine its reasonableness. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 2008).

In determining the amount of a reasonable attorney's fee award, the Court must make a determination of the presumptive "lodestar amount" by calculating "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," which is known as the "lodestar analysis." *Hensley*, 461 U.S. at 433. After calculating the "lodestar amount," the court may adjust the fee upward or downward through an analysis of the twelve factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *Hensley*, 461 U.S. at 434 n.9.

Plaintiff's motion asserts defendants' failure to comply with the Agreed Entry entitles them to an award of $22,956.23 in attorney's fees. In support of this figure, State Farm offers itemized billing invoices and an affidavit from Mr. Brewer.

## A. Reasonable Hourly Rate

"'A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney.'" *Dowling v. Litton Loan Servicing LP,* 320 F. App'x 442, 447 (6th Cir. 2009) (quoting *Wayne v. Vill. of Sebring,* 36 F.3d 517, 533 (6th Cir. 1994)). "To arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate

that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004).

The billing statements submitted by defendant show an hourly rate for Mr. Brewer ranging from $185.00/hr to $210.00/hr; an hourly rate for Justin D. Owen ("Mr. Owen") ranging from $150.00/hr to $175.00/hr; and an hourly rate for Rachel E. Frye ("Ms. Frye") of $135.00/hr. Mr. Brewer's affidavit does not specify Mr. Owen's or Ms. Frye's titles, nor does it discuss any of their hourly rates outside of the conclusory statement that the fees and expenses sought "were incurred in the ordinary course of business and were reasonably expended in the prosecution of this matter." (Doc. No. 28-2 at ¶ 10.) The Court's own investigation has yielded knowledge available publicly indicating that Owen is an attorney who was admitted to practice law in Ohio on November 8, 2010.[1] Moreover, the tasks Owen completed on this matter are consistent with work done by an attorney. The Court has been unable to ascertain whether Ms. Frye is an attorney, and the only billing item credited to her is a telephone call "to judge's office regarding telephonic conference," to which 0.2 hours is claimed. (Doc. No. 28-1 at 218.)

As set forth in the most recent Ohio State Bar Association survey, titled "The Economics of Law Practice in Ohio," the median fee for attorneys in 2010 for the area where plaintiff's firm is located, Suburban Columbus, was $205/hr.[2] Accordingly, the Court finds that the hourly rates for Mr. Brewer and Mr. Owen are reasonable. Without sufficient information as to whether Ms. Frye was working as a lawyer, paralegal, or clerical assistant, the Court cannot determine whether Ms. Frye's rate was reasonable. Her billing entry will be further discussed below.

---

[1] *See* http://www.supremecourt.ohio.gov/AttySvcs/AttyReg/Public_AttorneyInformation.asp.
[2] *See* https://www.ohiobar.org/General%20Resources/pub/2010_Economics_of_Law_Practice_Study.pdf at 23.

**B. Number of Hours Reasonably Expended on Litigation**

As the Sixth Circuit has stated:

> The key requirement for an award of attorney fees is that the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation.

*Imwalle v. Reliance Med. Products, Inc.*, 515 F.3d 531, 553 (6th Cir. 2008) (internal quotation marks and citation omitted). Although counsel need not "record in great detail" each minute he or she spent on an item, *Wooldridge v. Marlene Indus. Corp.,* 898 F.2d 1169, 1177 (6th Cir. 1990), *abrogated on other grounds by Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Resources*, 532 U.S. 598 (2001), (quoting *Hensley,* 461 U.S. at 437 n. 12), "the general subject matter should be identified." *Cleveland Area Bd. of Realtors v. City of Euclid,* 965 F. Supp. 1017, 1020 (N.D. Ohio 1997) (citing *Hensley,* 461 U.S. 424 n.12).

Where there is a voluminous fee application, courts "[are] not required to set forth an hour-by-hour analysis of the fee request" in reducing fees. *Saieg v. City of Dearborn*, No. 09-12321, 2012 WL 787261, at *5 (E.D. Mich. Jan. 27, 2012) (quoting *Jacobs v. Mancuso*, 825 F. 2d 559, 562 (1st Cir. 1987)). "When confronted with a request for an award of attorney's fees in the face of inadequate billing records, courts in the Sixth Circuit often apply across-the-board fee reductions." *Grant v. Shaw Envtl., Inc.*, No. 08-cv-350, 2013 WL 1305599, at *7 (E.D. Tenn. Jan. 30, 2013).

*1. Vague Entries*

"Courts unquestionably have authority to downwardly adjust fee claims because of . . . vague entries." *Swaplease, Inc. v. Sublease Exchange.com, Inc.*, No. 1:07-CV-45, 2009 WL 119591, at *2 (S.D. Ohio Apr. 27, 2009). That adjustment can be made as a percentage

5

deduction of the total fees. *See, e.g., Lentz v. City of Cleveland*, No. 1:04 CV 669, 2011 WL 536041, at *9 (N.D. Ohio Nov. 7, 2011) (Oliver, C. J.) (reducing the lodestar amount by 1% for vague entries representing "a very small percentage" of the overall fee request); *Gratz v. Bollinger*, 353 F. Supp. 2d 929, 939 (E.D. Mich. 2005) (reducing the requested fee by 10% for block billing and vague entries).

A number of defendant's billing entries, mostly at the beginning of the engagement, fail to reference the subject matter involved, even in general terms. For example, the first bill contains seven entries corresponding to telephone calls that simply name the person called, without so much as a one-word description of what was discussed. (*See* Doc. No. 28-1 at 184.) Consequently, the Court will deduct 3% from the lodestar calculation for vague entries that do not identify the subject matter of the meeting or communication.

*2. Billings for Purely Clerical or Secretarial Tasks*

"[C]lerical or secretarial tasks ought not to be billed at lawyers' rates, even if a lawyer performs them." *Cleveland Area Bd. of Realtors*, 965 F. Supp. at 1022 (deducting 2% from the amount of the fee request for billing of clerical and secretarial tasks at attorney rates). "However, activities such as filing a complaint, filing service requests, and filing return-of-service forms are clerical tasks that may be considered sufficiently 'legal work' to permit compensation, although any compensation would be at a lesser rate." *Rodriguez v. Astrue*, No. 3:11-CV-398, 2012 WL 2905928, at *3 (N.D. Ohio July 16, 2012).

There are several instances of clerical or secretarial tasks in the billing records provided by defendant. These generally consist of an attorney obtaining, formatting, or filing documents. As just one example, on February 14, 2011, Mr. Owen billed  0.8 hours to obtain and

complete the civil cover sheet and summons, 0.8 hours to electronically format the complaint and exhibits for filing, and 0.8 hours to simply e-file the complaint. (Doc. No. 28-1 at 196.) The 0.2 hour entry associated with Ms. Frye is also included in this category, as plaintiff has not offered evidence that her work was not clerical or secretarial. Because, again these represent a small percentage of the total hours expended, and because some of these entries are sufficiently "legal" to merit compensation at a lower rate, the Court will deduct an additional 1% from the lodestar calculation for the billing of clerical or secretarial tasks at attorney rates.[3]

## C. Final Lodestar Calculation

In accordance with the adjustments as discussed above, the Court sets the lodestar amount at $22,733.00, calculated as follows:

1.  Mr. Brewer:

    15.2 hours at a rate of $185.00/hr, for a total of $2,812.00;

    0.1 hours at a rate of $190.00/hr, for a total of $19.00;

    20.8 hours at a rate of $200.00/hr, for a total of $4,160.00; and

    22.4 hours at a rate of $210.00/hr, for a total of $4,704.00.

2.  Mr. Owen:

    6.0 hours at a rate of $150.00/hr, for a total of $900.00;

    45.9 hours at a rate of $165.00/hr, for a total of $7,573.50; and

    14.5 hours at a rate of $175.00/hr, for a total of $2,537.50.

3.  Ms. Frye:

    0.2 hours at a rate of $135.00/hr, for a total of $27.00.

---

[3] The Court also notes that, with the possible exception of the 0.2 hour telephone call by Ms. Frye, every line-item in the billing statements is credited to an attorney. No paralegals or secretaries are mentioned.

7

**D. Adjustments to the Lodestar Calculation**

None of the twelve *Johnson* factors justifies a deviation from the lodestar calculation. However, the Court has determined that an across-the-board deduction of 4% is in order, consisting of a three percent (3%) deductions for vague entries and a one percent (1%) deduction for billing at attorney rates for purely clerical or secretarial tasks. Four percent of $22,733.00 is $909.32, which leaves $21,823.68 as the final fee amount awarded to plaintiff.

**E. Expenses**

Plaintiff claims $223.23 in expenses as a result of postage, recording and filing fees, research, telephone usage, and mileage and parking. As these appear to be reasonable, and defendants have not objected, the full amount of expenses will be awarded.

Including the $21,823.68  in attorney's fees, plaintiff is entitled to $22,046.91 in fees and expenses.

## III. CONCLUSION

For the foregoing reasons, plaintiff's motion is **GRANTED IN PART** and

**DENIED IN PART**. Judgment is hereby entered against defendants and in favor of plaintiff

State Farm as follows:

> State Farm is hereby awarded the remaining unpaid balance of the judgment
> (Doc. No. 25), in the amount of sixty thousand eight hundred twenty-five dollars
> and nine cents ($60,825.09), plus attorney's fees in the amount of twenty-one
> thousand eight hundred twenty-three dollars and sixty-eight cents ($21,823.68)
> and expenses in the amount of two hundred twenty-three dollars and twenty-three
> cents ($223.23), for a total award of eighty-two thousand eight hundred seventy-
> two dollars ($82,872.00), plus statutory interest at the rate of eighteen one-
> hundredths of one percent (0.18%) on the remaining unpaid balance of the
> judgment, commencing from May 15, 2012, until the entire judgment is satisfied.

**IT IS SO ORDERED**.

Dated: September 27, 2013

_____

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**